UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTONIO SUAREZ, FERNANDO ALEGRIA,
HILLARY MITCHELL, and
JUDHIT SANTANDER, on behalf of themselves,
and on behalf of all others similarly situated,**

      **Plaintiffs,**

v.                              **Case No.:**

**UBER TECHNOLOGIES, INC.,**

      **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANTONIO SUAREZ, FERNANDO ALEGRIA, HILLARY MITCHELL, and

JUDHIT SANTANDER ("Plaintiffs"), by and through the undersigned counsel, on behalf of

himself and on behalf of all others similarly situated, file this Class Action Complaint against

Defendant, UBER TECHNOLOGIES, INC. ("Defendant" or "UBER"), and in support of his

claims states as follows:

### PRELIMINARY STATEMENT

1.      This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and as a

class action under Federal Rule of Civil Procedure 23, and is brought by and on behalf of persons

who are or have been at some time employed during the applicable limitations period as drivers

for UBER, a car service with its principal place of business in California, in the business of

providing taxi or transportation services to the general public.

2.      This is a collective action and a class action which challenges UBER's uniform policy of willfully misclassifying its drivers as independent contractors when, in fact, each such driver is and/or was an employee of UBER.

3.      The IRS will be notified of this Complaint as is required under the Internal Revenue Code. In particular, 26 U.S.C. § 7434(d) provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."

4.      As a result of UBER's unlawful misclassification of its drivers as independent contractors, UBER has uniformly violated the requirements of the Fair Labor Standards Act, as amended ("FLSA," 29 U.S.C. § 201 *et seq.*), Internal Revenue Code, 26 U.S.C. § 7434 ("IRS claim"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA," Fla. Stat. § 501.201 *et seq.*), by, among other things:

(a)     Failing to pay its drivers at least the minimum wage required by Federal law for every hour worked;

(b)     Failing to pay its drivers overtime compensation for hours worked in excess of 40 hours in one week; and,

(c)     Misclassifying Plaintiffs as independent contractors, rather than as employees, which, in turn, harmed Plaintiffs by causing negative tax implications, depriving Plaintiffs of their right to minimum wage and/or overtime, depriving Plaintiffs of their right to workers' compensation insurance, unemployment insurance, disability insurance, social security, and other benefits to which, as employees, Plaintiffs are entitled by law.

(d)     Engaged in unfair methods of competition, unconscionable acts or practices,

and unfair or deceptive acts or practices in conduct of any trade or commerce,

thereby violating FDUPTA.

## PARTIES

5.      Plaintiffs are residents of Hillsborough County, Florida.

6.      Defendant UBER is a California corporation, which is licensed to conduct

business in the state of Florida, and which does conduct substantial business on a regular and

continuous basis in Florida.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction over Plaintiff's FLSA and IRS claims

pursuant to 28 U.S.C. § 1331.  Supplemental jurisdiction over Plaintiff's FDUTPA claims is

appropriate under 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court, Middle District of Florida,

pursuant to 28 U.S.C. § 1391.  Plaintiffs reside in Tampa, Florida, worked for Defendant in

Tampa, Florida, and his claims arose, in substantial part, in Tampa, Florida.  Defendant regularly

conducts business in Tampa, Florida and is thus subject to personal jurisdiction in this district.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

9.      Defendant UBER is a transportation or taxi business.  Through a mobile phone

software application, UBER connects local travelers who seek transportation via automobile with

local drivers ("Class Members") who have been screened, trained, controlled, and are paid by

UBER.

10.     All UBER drivers must abide by all of UBER's uniform rules, regulations, and

policies.

11.     UBER operates much like a taxi cab service.  Customers who wish to pay for local transportation via automobile log on to a mobile phone application and enter information regarding, among other things, where they wish to be picked up and where they wish to be dropped off.  Then, through its software application, UBER sends each customer's information to a local UBER driver.

12.     The UBER driver, pursuant to UBER's uniform rules, then picks up the customer and transports the customer to the desired destination.

13.     Each UBER customer pays for the service by paying UBER directly via credit card based on an amount calculated solely by UBER and based on the miles driven and the amount of time it took to reach the destination, plus any gratuity which the customer wishes to give to the driver.

14.     All payments from the customer must be paid by the customer directly to UBER. UBER rules do not permit its drivers to accept any type of payment from its customers.  Instead, UBER pays each of its drivers a portion of the amount received from the customer (i.e., a portion of the charge for the service), as determined solely by UBER.

15.     In an effort to avoid providing its drivers with the minimum benefits and protections afforded employees under the FLSA and Florida law, UBER has willfully, uniformly, and unilaterally classified each and every one of its drivers as independent contractors, rather than employees, despite the fact that the factual circumstances of the relationship between UBER and its drivers clearly demonstrate that UBER drivers are, in fact, employees of the company.

16.     Under the FLSA and Florida law, UBER drivers should be considered employees for, among others, the following reasons:

(a) UBER retains the right to control, and in fact does control, the manner and means by which all UBER drivers accomplish their work;

(b) UBER retains the right to hire and fire drivers in its sole discretion;

(c) UBER retains the right to terminate the UBER phone application, or to block drivers from using the Platform and/or application, which effectively gives UBER the ability to prevent its drivers from picking up Riders, working, and earning an income;

(d) UBER takes an "administration fee" from each driver's gratuities left by the customer for the driver;

(e) UBER sets all rates of pay for its drivers and prohibits its drivers from setting rates of pay for their services;

(f) UBER requires its drivers to consent to receiving emails and text messages from UBER (including through "Rasier, LLC" e-mails and technology"), all of which the drivers are required to pay for receiving at the rate charged by their mobile phone service providers, including without limitation, notification emails, emails or text messages informing drivers about potential available Riders, and emails or text messages regarding UBER promotions which drivers are required to abide by;

(g) UBER unilaterally and in its sole discretion requires each driver to accept any and all discount promotion offers to customers;

(h) UBER requires each driver to engage in a training session before being permitted to work as a UBER driver, including the viewing of training videos,

which, inter alia, instructs drivers regarding UBER's requirements for how they are to interact with Riders;

(i) UBER requires that each driver ensure that his or her vehicle comply with UBER's requirements for appearance and cleanliness;

(j) UBER retains the right to discipline its drivers in its sole discretion; and

(k) UBER advertises that its drivers earn a certain dollar figure ($19.04) per hour.

17.    As a result of UBER's uniform misclassification of its drivers as independent contractors, UBER does not pay its drivers a wage for each hour, or portion thereof, that they work. Instead, UBER pays its drivers using a formula, derived and determined solely by UBER, based on and related in some way to the amount UBER receives from its customers.

18.    The consequences of this practice are, without limitation, that UBER drivers: (1) are not paid for all of the hours that they actually work; (2) are not paid at least the minimum wage required by Federal law for each hour worked; and, (3) are not paid overtime compensation for hours that they actually work in excess of 40 hours in one week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who or hours for which they were not paid at least minimum wage ("FLSA Class 1") or worked overtime but were not paid for those hours in accordance with the FLSA ("FLSA Class 2") (collectively the "FLSA Classes"), at any time during the period from three years the preceding the filing of this Complaint to the present (the "Class Period").

20.    Plaintiffs are and have been members of the proposed FLSA Classes described herein.

21.     Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto it had an annual gross volume of sales in excess of $500,000.00

22.     The number of persons in the proposed FLSA Classes herein is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the proposed FLSA Classes herein includes over 1,000 persons.

23.     Disposition of Plaintiffs' claims in a collective action will benefit all parties and the Court.

24.     There is a well-defined community of interest presented by the proposed FLSA Classes herein in that, among other things, each member of the proposed FLSA Classes has an interest in receiving the minimum wage and overtime compensation required by the FLSA for the hours they have worked for Defendant, obtaining other appropriate legal relief for the harm of which Plaintiffs complains, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

25.     Each Class Member herein was requested to, or suffered or permitted to work, at some time during the Class Period for which they have not been properly compensated, in that they have not received the minimum wage or overtime compensation required by the FLSA.

26.     A collective action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

27.     The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

28.     Common questions of law and fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

29.     At some time during the Class Period, all of the individuals in the proposed Class herein have been employed by Defendant as drivers and have been unlawfully subjected to a uniform and consistent set of unfair employment practices, as described more fully herein.

30.     All members of the proposed Class herein have worked in excess of 40 hours in a week at some time during the Class Period, but have been deprived of their legal rights, guaranteed by the FLSA, to be paid a premium wage for such overtime hours.

31.     The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have: (1) worked hours during the Class Period for which they have not been paid at least the minimum wage required by Federal law; and, (2) worked hours in excess of 40 in a week during the Class Period but have not been paid premium overtime compensation as required by the FLSA..

32.     The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant has violated the FLSA by failing to pay its driver employees at least the legally required minimum wage for each and every hour worked; (3) whether Defendant has violated overtime compensation requirements under the FLSA by failing to pay its driver employees for hours worked in excess of 40 in a week; and, (4) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

33.     The claims of the named Plaintiffs in this case are typical of those of the other Class Members which he seeks to represent, in that, among other things, Plaintiffs and each Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

34.     The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

35.     The named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the proposed Class which he seeks to represent. Plaintiffs do not have any interests which are antagonistic to the interests of the proposed Class herein.

36.     Counsel for Plaintiffs are experienced, qualified and generally able to conduct complex collective action legislation.

37.     By virtue of Defendant's unlawful failure to pay Class Members the minimum compensation required by Federal law, Defendant has received substantial sums of money, and has realized profits from the unpaid labor of literally thousands of employees during the applicable limitations period.

38.     The relief sought in this action is necessary to restore to members of the proposed Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

### FIRST CLAIM FOR RELIEF (AS TO COLLECTIVE ACTION)
### FLSA CLASS 1
#### *Failure to Pay Minimum Wage in Violation of FLSA*

39.     This claim is brought by all Named Plaintiffs on behalf of all similarly-situated drivers.

40.     Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 38 of this Complaint

41.     Defendant is the employer of Plaintiffs and all other Class Members.

42.     Defendant willfully and uniformly misclassified Plaintiffs and all other Class Members as independent contractors when in fact each such Class Member was and/or is an employee of UBER.

43.     The FLSA provides that any employee who receives less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the difference between what the employee was paid and the amount the employee should have been paid, known as back pay, and an equal amount as liquidated damages, plus attorney's fees and court costs.

44.     The FLSA provides that the applicable minimum wage that an employee is entitled to is the higher of the Federal minimum wage and the applicable State minimum wage.

45.     Defendant has failed to pay Plaintiffs, and all other Class Members similarly situated, at least the legally required minimum wage for some portion of the hours that each such person worked as a driver for UBER during the Class Period.

10

46.     Defendant's failure to pay Plaintiffs, and such other Class Members, at least the minimum wages as required by law, violates the provisions of the FLSA.

47.     By virtue of Defendant's unlawful failure to pay minimum wages to Plaintiffs and all other Class Members when due, all such persons have suffered, and continue to suffer, damages in amounts which are presently unknown to Plaintiffs but which will be ascertained according to proof at trial.

48.     Pursuant to the FLSA, Plaintiffs and all other similarly situated Class Members are entitled to recover from Defendant the full balance of any and all unpaid minimum wages, plus attorney's fees and court costs.

## FLSA CLASS 1 RELIEF PRAYER

A.     Judgment against Defendant for an amount equal to Plaintiffs' and the Class' unpaid back wages at the applicable statutory minimum wage;

B.     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

C.     An amount equal to the Plaintiffs' and the Class's minimum wage damages as liquidated damages;

D.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

E.     A declaration that Defendant's practices as to Plaintiffs and the Class were unlawful, and grant Plaintiffs and the Class equitable relief;

F.     All costs and attorney's fees incurred in prosecuting these claims; and,

G.     For such further relief as this Court deems just and equitable.

## SECOND CLAIM FOR RELIEF (AS TO COLLECTIVE ACTION)

### FLSA CLASS 2

*Failure to Pay Overtime Compensation in Violation of FLSA*

49.     This claim is brought by <u>only Named Plaintiff Antonio Suarez</u>[1] on behalf of all similarly-situated drivers.

50.     Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

51.     The FLSA provides that employees shall not be employed more than 40 hours in one week, unless they receive additional compensation beyond their regular rate of pay in amounts specified by law.

52.     The FLSA provides that an employee who has not been paid overtime compensation may recover, in a civil action, the unpaid balance of the full amount of such overtime compensation, liquidated damages equal to the full amount of unpaid overtime compensation or an award of prejudgment interest, plus attorney's fees and court costs.

53.     At all time relevant hereto, from time to time, Plaintiffs, and all other Class Members similarly situated, have worked more than 40 hours in a week, as drivers for UBER.

54.     At all times relevant hereto, Defendant has failed to pay Plaintiffs, and to all other similarly situated Class Members, premium overtime compensation for the hours they have worked in excess of 40 hours in one week.

---

[1] Not all of the Named Plaintiffs allege to have worked overtime.

55.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and all other similarly situated Class Members the amounts owed by Defendant for unpaid overtime compensation.

56.     By virtue of Defendant's unlawful failure to pay premium overtime compensation to Plaintiffs and all other similarly situated Class Members, all such persons have suffered and continue to suffer, damages in amounts which are presently unknown to Plaintiffs but which will be ascertained according to proof at trial.

57.     Plaintiffs, and all other similarly situated Class Members, are also entitled to recover the full amount of unpaid overtime compensation, plus attorney's fees and court costs.

## FLSA CLASS 2 RELIEF PRAYER

A.      Judgment against Defendant for an amount equal to Plaintiffs' and the Class' unpaid back wages at the applicable overtime rate;

B.      Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

C.      An amount equal to the Plaintiffs' and the Class's overtime damages as liquidated damages;

D.      To the extent that liquidated damages are not awarded, an award of prejudgment interest;

E.      A declaration that Defendant's practices as to Plaintiffs and the Class were unlawful, and grant Plaintiffs and the Class equitable relief;

F.      All costs and attorney's fees incurred in prosecuting these claims; and,

G.      For such further relief as this Court deems just and equitable.

*WHEREFORE*, Plaintiffs and all similarly situated persons who join this collective action demand as follows:

## COLLECTIVE ACTION CERTIFICATION

A.      Designation of this action as a collective action on behalf of the Plaintiffs and the prospective FLSA Classes that they seek to represent;

B.      Prompt issuance of notice pursuant to 29 U.S.C § 216(b) to all similarly situated members of the Class, apprising them of the pendency of this action and permitting them to assert timely claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

C.      Equitable tolling of the statute of limitations from the date of the filing of this Complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

D.      Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court.

## RULE 23 CLASS ACTION ALLEGATIONS

58.     Plaintiffs assert their Rule 23 class claims on behalf of two Putative Classes defined as follows:

**IRS CLASS:  All persons employed by UBER as drivers in the United States who were classified as independent contractors rather than employees for whom Defendant filed fraudulent Form 1099s within the applicable limitations period through the present.**

**FDUPTA CLASS:   All persons employed by UBER as drivers in Florida within four years of the filing of this complaint through the date of final judgment in this action.**

59.    Plaintiffs are and have been members of the Putative IRS and FDUPTA Classes (collectively, "Putative Rule 23 Classes") described herein.

60.    The number of persons in the Putative Rule 23 Classes herein is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the Putative Rule 23 Classes herein include over 1,000 persons.

61.    Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

62.    There is a well-defined community of interest presented by the Putative Rule 23 Classes herein in that, among other things, each member of the Putative Rule 23 Classes have an interest in being classified as an employee rather than an independent contractor, obtaining other appropriate legal relief for the harm of which Plaintiffs complain, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions, including the statutory damages available 26 U.S.C. § 7434(a).

63.    Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period, while the Class was unlawfully misclassified as independent contractors.

64.    A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

65.     The prosecution of separate actions by individual members of the Putative Rule 23 Classes herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Classes which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Classes herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Classes not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

66.     Common questions of law and fact exist in this case with respect to the Putative Rule 23 Classes which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

67.     At some time during the Class Period, all of the individuals in the Putative Rule 23 Classes herein have been employed by Defendant as drivers and have been unlawfully subjected to a uniform and consistent set of unfair employment practices, as described more fully herein.

68.     The common questions of fact involved in this case include, without limitation, whether each member of the Putative Class herein have: (1) been subjected to the same companywide policies and practices related to the manner and means by which they accomplish their work, their compensation, time keeping, and record keeping; and (2) whether Defendant willfully filed a fraudulent information return with respect to payments purported to be made to Plaintiffs, specifically via a form 1099.

69.     The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant's uniform policies and practices related to the relationship

16

between UBER and its drivers are unlawful, unfair, and/or deceptive business practices in violation of FDUTPA; (3) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages; and (4) what damages Class Members are entitled to under 26 U.S.C. § 7434.

70.     The claims of the named Plaintiffs in this case are typical of those of the other Class Members which they seek to represent, in that, among other things, Plaintiffs and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

71.     The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiffs seek to represent.

72.     The named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the Putative Class which he seeks to represent.  Plaintiffs do not have any interests which are antagonistic to the interests of the Putative Class herein.

73.     Counsel for Plaintiffs are experienced, qualified and generally able to conduct complex class action legislation.

74.     The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

75.     Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

## THIRD CLAIM FOR RELIEF (AS TO FDUPTA CLASS)

## Violations of Florida Deceptive and Unfair Trade Practices Act

76.     This claim is brought by all Named Plaintiffs on behalf of all similarly-situated drivers.

77.     Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 75 of this Complaint.

78.     This is an action for damages, plus attorney's fees and court costs, pursuant to FDUTPA.

79.     Plaintiffs, and all other similarly situated FDUPTA Class Members, fall within the definition of a "person" within the meaning of FDUTPA, including Fla. Stat. § 511.211(2).

80.     UBER is engaged in "trade or commerce" within the meaning of FDUTPA.

81.     In violation of FDUTPA, UBER engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and have thereby deprived Plaintiff, and all persons similarly situated, of fundamental rights and privileges guaranteed to all employees under Florida law.

82.     In an effort to avoid providing its drivers with the minimum benefits and protections afforded employees under Florida law, UBER has willfully, uniformly, and unilaterally classified each and every one of its drivers as independent contractors, rather than employees, despite the fact that the factual circumstances of the relationship between UBER and its drivers clearly demonstrate that UBER drivers are in fact employees of the company.

83.     The actions of Defendant, in misclassifying Plaintiffs, and all members of the FDUPTA Putative Class, employment, are unfair and deceptive trade practices prohibited by Florida Statutes.

84.     By and through UBER's unfair, unlawful, and/or deceptive business practices described herein, Plaintiffs and all other Class Members have suffered injury in fact in that Defendant has obtained valuable property, money and/or services from Plaintiffs and all other FDUPTA Class Members, and have deprived Plaintiffs, and all other FDUPTA Class Members, of valuable rights and benefits guaranteed by law.

85.     All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

86.     Plaintiffs, and all persons similarly situated, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiffs, and all others similarly situated, have been deprived, by means of the above-described unfair, unlawful and/or deceptive business practices.

87.     Plaintiffs, and all persons similarly situated, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or deceptive, and injunctive relief restraining Defendant from engaging in any of the above-described unfair, unlawful and/or deceptive business practices in the future.

88.     As a result of the unfair, unlawful and/or deceptive business practices described herein, Plaintiffs, and all persons similarly situated, have suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in said unfair, unlawful and/or deceptive business practices.

## FDUPTA CLASS PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all similarly situated persons who join this class action demand as follows:

A.   Judgment against Defendant and a determination by the Court that Defendant violated the FDUTPA;

B.   Plaintiffs' and the FDUPTA Class' actual damages;

C.   All costs and attorney's fees incurred in prosecuting these claims; and,

D.   For such further relief as this Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF (AS TO IRS CLASS)

## VIOLATION OF 26 U.S.C. §7434 (a)

76.   This claim is brought by <u>all</u> Named Plaintiffs on behalf of all similarly-situated drivers.

77.   Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 75 of this Complaint.

78.   By failing to properly characterize Plaintiffs as "employees" instead of as independent contractors, and account for, and pay proper FICA taxes on Plaintiffs' behalf as required by the IRS during the course of their employment, Defendant willfully filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

79.   Under the Internal Revenue Code, 26 U.S.C. § 7434(a), "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

## IRS CLASS RELIEF PRAYER

**WHEREFORE**, Plaintiffs demand:

a)   Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiffs and the IRS Class Members, and damages resulting from the

additional tax debt and additional time and expenses associated with any necessary correction.

b)   That Defendant be ordered to take all the necessary steps to correct the above identified information returns.

c)   All costs and attorney's fees incurred in prosecuting these claims; and

d)   For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 22nd day of January, 2016.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrough@wfclaw.com
Email: jriley@wfclaw.com
Attorneys for Plaintiff